ELBERFELDT, Respondent, vs. WAITE and another, Appellants.

*February 28 — March 17, 1891.*

*Testimony of deceased witness: Justice's minutes as evidence.*

The minutes kept by a justice of the peace of the testimony given at the trial before him by a witness since deceased, are not admissible as evidence of the facts at a trial of the same cause on appeal in the circuit court, where such justice testifies that they probably do not contain all the witness' own words, though he thinks they contain all the facts testified to by him.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

At the times mentioned the plaintiff was the agent of the Milwaukee Mechanics' Insurance Company, and as such insured the property of the defendants against loss by fire, on or about January 1, 1888, and for that purpose, and as an accommodation for the defendants, the plaintiff advanced and paid to said company the sum of $37.50, being the amount of the premium on said insurance. Subsequently there was a loss on the property so insured by fire, and the company adjusted the same with the defendants.

In September, 1889, the plaintiff commenced this action in a justice's court to recover the $37.50 so advanced for the defendants. The defense was a general denial and settlement. The plaintiff recovered the amount named, with costs, in the justice's court, and from the judgment therein the defendants appealed to the circuit court. Upon a retrial in the circuit court the jury returned a verdict in favor of the plaintiff and against the defendants for $39.86, and from the judgment entered thereon the defendants bring this appeal.

For the appellants there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

For the respondent the cause was submitted on the brief of *D. J. Hemlock*. To the point that the justice's minutes were properly admitted in evidence, he cited *Spaulding v. Lowe*, 56 Mich. 366; *Halsey v. Sinsebaugh*, 15 N. Y. 485; *Merrill v. Utica & O. R. Co.* 16 Wend. 598; *State v. Rawls*, 2 Nott & McCord (S. C.), 334; Phillips, Ev. (Cow. & Hill's notes), part I, 335; *Nat. Ulster Bank v. Madden*, 114 N. Y. 280; *Clark v. Vorce*, 15 Wend. 195. If it was error to receive such minutes in evidence, that error was cured by the testimony of the justice himself, supporting his minutes.

CASSODAY, J.    Daniel Schultz, the general agent and adjuster of the insurance company, was the principal witness for the plaintiff in the justice's court. Prior to the trial on the appeal in the circuit court Schultz died. Error is assigned because the court admitted in evidence that portion of the minutes of the justice on the trial before him which contained the testimony of Schultz. The only foundation laid for such admission was the testimony of the justice to the effect that perhaps he did not take down the entire testimony of Schultz; that he intended to get the main facts, that possibly he did not use the exact words of the witness; that he intended to get the facts, but may not have

used the same words, that he probably missed some words, possibly a good many; that whether he got it all down depended upon circumstances; that when the witness went too rapidly to take it all down he always checked him; that he did not think he had left out any of the facts in the case; that, judging from the minutes, he should think that the testimony of Schultz was as contained in the minutes; that he should judge so, although he could not then remember, after having his mind refreshed by reading the minutes,— nothing else to go by. We are forced to the conclusion that the foundation thus laid was insufficient to justify the admission of such minutes, within the rule laid down by this court in *Zitske v. Goldberg*, 38 Wis. 216. It was there held that "the minutes of a justice of the peace of testimony taken at a trial before him are not admissible at the trial of the same cause on appeal in the circuit court, either as evidence of the facts at issue or to impeach or sustain the credibility of a witness by showing what he testified before the justice." Certainly incomplete and inaccurate minutes of such testimony are inadmissible. Of course, as indicated by Mr. Justice LYON in the case cited, it was competent to prove what Schultz thus testified to before the justice in a legitimate way.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.